PER CURIAM: *
In this direct permissive appeal of bankruptcy-court orders under 28 U.S.C. § 158(d)(2)(A), the appellants challenge the disallowance of certain claims. We affirm.
Edward Talone provided a series of services to debtor Anloc, L.L.C. (“Anloc”), for various forms of compensation, including interest in real property (oil fields) controlled by Anloc. Talone makes claims against the estate under an employment contract referred to as the “Sharing Agreement” and a prepetition conveyance of an interest in real property referred to as the “Assignment of Carried Working Interest.” The bankruptcy court disallowed any claims under the Sharing Agreement on the ground that Talone was seeking compensation for engineering services despite his lack of an engineering license, in violation of the Texas Engineering Practice Act (the “Act”). The court then allowed the trustee to void the pre-petition transfer under its strong arm powers (11 U.S.C. § 544(a)(3)) after holding that, under Texas law, a bona fide purchaser for value without notice would also have been able to void the transfer.
Talone claims on appeal that the bankruptcy court misapplied Texas law on bona fide purchasers without notice when it voided his 6% carried-working interest in certain oil fields. Specifically, he contends that he properly recorded the relevant interest in county records, despite the bankruptcy court’s conclusion that it was improperly acknowledged. In the alternative, Talone avers that even absent a proper acknowledgement, his filing would have put a bona fide purchaser on inquiry notice of his interest in the property. Tal-one also posits that the bankruptcy court misinterpreted the Act when it decided that he was seeking fees for engineering *402 services despite not being a licensed engineer.
We have reviewed the briefs, the applicable law, and pertinent portions of the record and have heard the helpful arguments of counsel. We find no reversible error in the thorough twenty-six-page Memorandum Opinion of the bankruptcy court.
The decision of the bankruptcy court, disallowing all of Talone’s claims, is AFFIRMED.[1]

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. Talone's request that we certify this matter to the Texas Supreme Court is denied.